# IN THE SUPREME COURT OF THE STATE OF NEVADA

ZIA AKHTAR,
Petitioner,
vs.
THE STATE BAR OF NEVADA,
Respondent.

No. 81055

**FILED**

JUL 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DENYING PETITION*

This pro se petition challenges the committee on functional equivalency's recommendation to deny petitioner's SCR 51.5(1) application for certification that he has met the qualifications to apply for admission to practice law in Nevada despite not having received a juris doctorate or equivalent degree from an accredited law school, as required by SCR 51(1)(c). Having considered the petition for review of the committee's adverse recommendation, along with the supporting documents, we conclude that petitioner has not demonstrated that relief is warranted.

First, petitioner's petition is untimely under SCR 51.5(7), which requires a petitioner to seek review in this court within 15 days from the date of service of the committee's decision. The committee served petitioner with its recommendation on January 17, 2020, but petitioner did not seek review in this court until April 22, 2020. Although he asserts that he missed the deadline because the functional equivalency committee did not hold a hearing on his application and denied his request for reimbursement of the application fee, neither of those reasons affect the deadline for petitioning this court for review.

20-26172

Second, even if petitioner had met the filing deadline, he has not shown that the committee's recommendation to deny his application or the director of admissions' decision declining to return the application fee were erroneous or that they should be disturbed. Petitioner asserts that if the committee had held a hearing on his application as originally planned, he would have presented facts to establish that the legal education he obtained in the United Kingdom was equivalent to an education provided by an ABA accredited law school. Although the hearing did not take place due to technical difficulties,[1] the committee is not required to hold a hearing, and as it explained in its recommendation, petitioner's application did not meet the functional equivalency criteria. In particular, petitioner obtained his degree as an external student and he did not submit documentation showing the law courses taken or the content thereof, any details concerning his law school facility or faculty, and other documentation to establish his education met ABA Standards and Nevada Supreme Court Rules regarding functional equivalency.

When petitioner requested that the committee reconsider its recommendation and reimburse his application fee, the Director of Admissions explained in a letter that the fee is non-refundable regardless of the outcome, and that a hearing was not necessary because the application was deficient on its face. The letter explained those deficiencies, and the petition and supporting documents filed in this court do not establish that the committee's recommendation should be disturbed or that

---

[1]The committee agreed to a videoconference at petitioner's request, but it notified petitioner on the day of the hearing that it uses Zoom and not Skype, and petitioner was not able to establish a connection through Zoom before the hearing time.

petitioner is entitled to reimbursement of the non-refundable application fee. SCR 51.5(7), (8). Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Zia Akhtar
       Bar Counsel, State Bar of Nevada